IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION NO. |
| v. ) ) | C O M P L A I N T |
| NOODLES ASIAN BISTRO, INC., ) ) | JURY TRIAL DEMAND |
| Defendant. ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., as amended by the Pregnancy Discrimination Act of 1978, 42 U.S.C. §2000e(k) and Title I of the Civil Rights Act of 1991. This action seeks to correct unlawful employment practices on the basis of sex (pregnancy) and to provide appropriate relief to Heather Holcomb and Estella Byars who were adversely affected by such practices.

As alleged with greater particularity below, Plaintiff Equal Employment Opportunity Commission contends that Defendant, Noodles Asian Bistro, Inc. unlawfully discharged Heather Holcomb and Estella Byars because of their sex (pregnancy).

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C §2000e-5(f)(1) and (3) ('Title VII') and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Tennessee, Western Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant, Noodles Asian Bistro, Inc., (the "Employer"), has continuously been a Tennessee corporation doing business in the State of Tennessee and the City of Bartlett, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than 30 days prior to the institution of this lawsuit, Heather Holcomb and Estella Byars filed charges with the Commission alleging violations of Title VII by Defendant Employer.

7. The Commission found reasonable cause to believe the charges were true and endeavored to eliminate the discriminatory practice(s) through informal methods of conference, conciliation, and persuasion, but was unable to secure conciliation agreements acceptable to the Commission.

8. All conditions precedent to the initiation of this lawsuit have been fulfilled.

9. Since at least November 2013, Defendant Employer has engaged in unlawful employment practices at its Bartlett, Tennessee restaurant in violation of Section 703(a) of Title VII, 42 U.S.C. 2000(e)-2(a).

10. The unlawful employment practices involved terminating Heather Holcomb's employment because of her sex (pregnancy).

(a) Defendant Employer operates restaurants located in Bartlett, Tennessee and Germantown, Tennessee.

(b) Heather Holcomb began working as a Server for Defendant Employer at its Bartlett, Tennessee location on or about May 2013.

(c) On or around June 2013, Holcomb learned that she was pregnant and told Defendant Employer's manager.

(d) In November 2013, the manager told Holcomb that the Defendant Employer's owner said that she was too big to wait tables and that she would be removed from the schedule. The manager told Holcomb to call back after she gave birth.

(e) Holcomb asked the manager if she could work as a Hostess. The manager denied Holcomb's request.

(f) Holcomb shared with the manager online information about the Pregnancy Discrimination Act (PDA). The manager told Holcomb that the PDA had nothing to do with her situation but instead dealt with insurance.

(g) Defendant Employer removed Holcomb from the schedule because of her sex (pregnancy). Holcomb has not worked for Defendant Employer since November 2013.

11. The effect of the practices complained of in paragraphs 10(a)-(g) above has been to deprive Heather Holcomb of equal employment opportunities and otherwise adversely affect

her status as an employee because of her sex (pregnancy).

12. Since at least December 2013, Defendant Employer has engaged in unlawful employment practices at its Bartlett, Tennessee restaurant in violation of Section 703(a) of Title VII, 42 U.S.C. 2000(e)-2(a).

13. The unlawful employment practices also involved terminating Estella Byars' employment because of her sex (pregnancy).

(a) Defendant Employer operates restaurants located in Bartlett, Tennessee and Germantown, Tennessee.

(b) Estella Byars began working as a Server for Defendant Employer at its Bartlett, Tennessee location on or about April 2013.

(c) Byars voluntarily quit due to personal reasons in July 2013.

(d) On or about September 2013, Defendant Employer rehired Byars to work as a Server. At the time of rehire, Byars told Defendant Employer that she was pregnant.

(e) During Byars' employment, Defendant Employer's manager would frequently ask Byars how far along she was in her pregnancy and when was her due date.

(f) The manager always sent Byars a text message informing her of her work schedule for the week. On or about December 17, 2013, Byars did not receive a text message from the manager. Byars sent a text message to the manager inquiring about the upcoming week's work schedule.

(g) The manager responded via text message and told Byars that business was slow and she should contact Defendant Employer after she had the baby.

(h) About two weeks later, Defendant Employer posted an open Server position on Craigslist.

(i) Byars has not worked for Defendant Employer since December 2013.

14. The effect of the practices complained of in paragraphs 13(a)-(i) above have been to deprive Estella Byars of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex (pregnancy).

15. Since at least April 2014, Defendant Employer has willfully failed, in violation of Section 711(a) and (b) of Title VII, 42 U.S.C.§2000e-10(a) and (b), to post and keep posted notices which have been prepared or approved by the Commission setting forth excerpts from or summaries of the pertinent provisions of Title VII and information pertinent to the filing of a charge or complaint.

16. The unlawful employment practices complained of in paragraphs 10 and 13 above were intentional.

17. The unlawful employment practices complained of in paragraphs 10 and 13 above were done with malice or with reckless indifference to the federally protected rights of Heather Holcomb and Estella Byars.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in acts of sex (pregnancy) discrimination.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Heather Holcomb and Estella Byars, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and/or front pay for Heather Holcomb and Estella Byars.

D. Order Defendant Employer to post and keep posted the notices required by Section 711(a) of Title VII, 42 U.S.C.§ 2000e-10(a) and assess appropriate civil fines against the Defendant pursuant to Section 711(b) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-10(b)."

E. Order Defendant Employer to make whole Heather Holcomb and Estella Byars by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 10 and 13 above, including relocation expenses, job search expenses, and medical expenses not covered by the Employer's employee benefit plan, in amounts to be determined at trial.

F. Order Defendant Employer to make whole Heather Holcomb and Estella Byars by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 10 and 13 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

G. Order Defendant Employer to pay Heather Holcomb and Estella Byars punitive damages for its malicious and reckless conduct, as described in paragraphs 10 and 13 above, in amounts to be determined at trial.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

>Respectfully submitted,
>
>P. DAVID LOPEZ
>General Counsel
>
>GWENDOLYN YOUNG REAMS
>Associate General Counsel
>
>s/ Faye A. Williams
>FAYE A. WILLIAMS
>Regional Attorney
>TN Bar No. 11730
>
>s/ Markeisha K. Savage
>MARKEISHA K. SAVAGE
>Trial Attorney
>TN Bar No. 024693
>
>EQUAL EMPLOYMENT OPPORTUNITY
> COMMISSION
>1407 Union Avenue, Suite 900
>Memphis, TN  38104
>Telephone:    (901) 544-0133
>markeisha.savage@eeoc.gov