IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) CIVIL ACTION NO. ) 2:15-cv-02153 |
| v. | ) ) |
| NOODLES ASIAN BISTRO, INC., | ) ) |
| Defendant. | ) ) |

**CONSENT DECREE**

  Plaintiff Equal Employment Opportunity Commission (Commission), and Defendant Noodles Asian Bistro, Inc. (Defendant) enter into this Consent Decree to resolve this case. The Commission instituted this civil action on March 4, 2015 to enforce Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978, and Title I of the Civil Rights Act of 1991. In the Complaint, the Commission alleges Defendant violated Title VII when it unlawfully discharged Heather Holcomb and Estella Byars because of their sex (pregnancy).

  This Consent Decree does not constitute a finding on the merits of the case. The parties, however, wish to resolve the instant controversy without the expense, delay, and burden of further litigation. Therefore, this Consent Decree constitutes the complete and exclusive agreement among the parties with respect to the matters referred to herein. No waiver, modification, or amendment of any provision of this Consent Decree shall be effective unless made in writing. The parties have made no representations or inducements to compromise this action, other than those recited or

referenced in this Consent Decree.

If this Consent Decree is not approved or does not become final, it shall not be admissible in any subsequent proceeding. If this Consent Decree is approved and becomes final, it is not admissible as evidence in any action other than to enforce the terms of the Consent Decree.

This Court has reviewed the terms of the Consent Decree in light of the applicable laws, regulations, and the representations of counsel for all parties, and hereby approves the Consent Decree.

Therefore, it is hereby **ORDERED, ADJUDGED AND DECREED**:

## I. JURISDICTION

1. The parties stipulate that the United States District Court for the Western District of Tennessee, Western Division, has jurisdiction over the parties and the subject matter of this litigation.

2. No party shall contest jurisdiction of this Court to enforce this Decree and its terms or the right of the Commission to seek enforcement in the event Defendant breaches any of the terms of this Decree.

## II. SCOPE AND DURATION OF THIS DECREE

3. This Decree resolves all issues and claims arising out of the Commission's Complaint in Civil Action No. 2:15-cv-02153, alleging unlawful sex (pregnancy) discrimination by Defendant against Heather Holcomb and Estella Byars. This Decree shall not be considered in any manner to be dispositive of any other matter which is or may be pending before any office of the Commission.

4. The provisions of this Decree are effective immediately upon the date the

Decree is entered by the Court and shall be binding upon the parties to this lawsuit for three years after the effective date of this Decree.

### III.  INJUNCTIVE RELIEF

5. Defendant, its owners, supervisors, managers, officers, directors, agents, successors, subcontractors, and all other persons in active concert with Defendant are enjoined from discriminating against any applicant or employee because of sex, pregnancy.  This includes, terminating or forcing an employee to take leave because she is pregnant.

6. Defendant, its owners, supervisors, managers, officers, directors, agents, successors, subcontractors, and all other persons in active concert with Defendant are enjoined from retaliating against any applicant or employee because the individual has opposed discrimination under Title VII.

### IV.  ANTI-DISCRIMINATION POLICY

7. Defendant shall modify its written Anti-Discrimination Policy (the Policy) to explicitly reference Defendant's prohibition of sex (pregnancy) discrimination in the workplace.  Specifically, the Policy shall note that Defendant will not tolerate sex discrimination, including pregnancy discrimination, in the workplace from anyone – owners, supervisors, managers, or non-management employees.

8. Defendant shall include in the Policy detailed instructions explaining how an employee can report, including in writing, incidents of discrimination in the workplace.

9. The Policy will also include information regarding the steps Defendant will take in response to reports of discrimination.

10. The Policy shall further require that any adverse treatment of an employee for reporting discrimination, for assisting another employee in making a report, for cooperating in a discrimination investigation, or for filing a charge of discrimination with the Commission or a state governmental agency is strictly forbidden.

11. Defendant shall incorporate the Policy into its Employee Handbook and also post it in a conspicuous location which is accessible by all employees.

12. Within ninety (90) days of entry of this Decree, Defendant shall disseminate a copy of the Policy to all current employees. Defendant shall provide a copy of the Policy to all new employees at the time of hire.

13. Defendant shall require all current and new employees to sign an acknowledgement of receipt of the Policy.

14. Within sixty (60) days of entry of this Decree by the Court, Defendant agrees to provide a copy of the Policy prohibiting discrimination (including sex, pregnancy discrimination) to the Commission by emailing a copy to Markeisha K. Savage at the email address provided below.

## V.  TRAINING

15. Defendant shall provide at least two hours of annual training on employment discrimination (with an emphasis on pregnancy discrimination) and retaliation to all employees. Defendant will schedule and conduct the initial annual training within one hundred twenty (120) days after the date of the entry of this Decree.

16. Defendant shall advise staff in writing that the training is mandatory for all employees.

17. Defendant shall provide an additional anti-discrimination training of at

least two hours to all owners and supervisory and managerial personnel.

18. Defendant shall maintain a sign-in sheet and require that each participant sign a statement affirming that he/she received the training. Defendant shall maintain proof of attendance for each person trained in Defendant's Human Resources Department.

19. Defendant shall retain an outside human resources consultant or attorney who has specialized knowledge of employment discrimination and who has experience in labor and employment law to provide the training and to fulfill the training requirements.

20. At least two weeks before each training session, Defendant shall notify the Commission of the date(s) and location(s) of the training, and the identity of the human resources consultant or attorney who will conduct the training.

21. Utilizing the EEOC Enforcement and Policy Guidances, including the EEOC Enforcement Guidance on Pregnancy Discrimination and Related Issues, the two hour training on employment discrimination shall include but is not necessarily limited to:

    (a) An overview of Title VII of the Civil Rights Act of 1964 (Title VII) and all of the types of discrimination covered under the statute;

    (b) Coverage under the Pregnancy Discrimination Act;

    (c) Stereotypes and Assumptions about Pregnancy;

    (d) Unlawful Discharge During Pregnancy or Parental Leave;

    (e) Treating Pregnant Employees the Same as Persons Similar in Their Ability or Inability to Work;

(f)  Disparate Treatment and Harassment Because of Pregnancy;

(g)  A discussion of retaliation, including what constitutes retaliation under Title VII;

(h)  A discussion of how to prevent, identify, investigate, and remedy employment discrimination (including pregnancy discrimination); and

(i)  A discussion of Defendant's Policy prohibiting discrimination and retaliation, including Defendant's procedures related to reporting, investigating, and remedying discrimination and retaliation.

22. Within one hundred eighty (180) days of entry of this Consent Decree by the Court, Defendant shall provide the Commission with copies of training materials and related documentation showing that Defendant satisfied all training requirements as set forth above.  The aforementioned documentation shall include the names and positions of individuals attending the training and a signed roster to verify attendance.

## VI.  SUPERVISOR ACCOUNTABILITY

23. Defendant shall promote owner and supervisor accountability by the following conduct:

(a)  Providing additional anti-discrimination training to all of its supervisory and managerial personnel as set forth in Paragraph 17;

(b)  Disciplining, up to and including discharge, any supervisor or manager who violates Defendant's policies against discrimination; and

(c)  Distributing a copy of this Decree to all owners, management or supervisory personnel within thirty (30) days of entry of this Decree.

## VII.  MONETARY RELIEF

24. Defendant agrees to pay a total amount of $25,000 in full and final settlement of this matter.

25. Defendant agrees to pay monetary relief in the amount of $12,500 to Heather Holcomb in full and final settlement of her claims against Defendant, which were raised in the Commission's Complaint.

    (a) $1,500.36 of the monetary relief is designated as lost wages less withholding taxes; and

    (b) $10,999.64 of the monetary relief is designated as non-pecuniary compensatory damages.

26. Defendant shall issue a W-2 form to Heather Holcomb for the amount of monetary relief designated as lost wages. Defendant is responsible for all State and Federal employer withholding.

27. Defendant shall issue a 1099 form to Heather Holcomb for the amount of monetary relief designated as non-pecuniary compensatory damages.

28. Defendant shall make installment payments to Heather Holcomb over the next 15 months.  In the first month, Defendant shall make a payment of $1,500.36 (less withholding taxes). Thereafter, Defendant shall make a monthly payment in the amount of $785.71 by the last calendar day of each month, for the next 14 months.

29. Within 10 business days of the entry of this Decree, Defendant shall issue payment of the first installment of the monetary relief to Heather Holcomb by mailing a cashier check, via certified mail, to Heather Holcomb at the address provided by the Commission.  Concurrently, a copy of the cashier check and related correspondence

will be submitted to the Commission, at the email address listed below.

30. Defendant agrees to pay monetary relief in the amount of $12,500 to Estella Byars in full and final settlement of her claims against Defendant, which were raised in the Commission's Complaint.

(a) $1,500.36 of the monetary relief is designated as lost wages less withholding taxes; and

(b) $10,999.64 of the monetary relief is designated as non-pecuniary compensatory damages.

31. Defendant shall issue a W-2 form to Estella Byars for the amount of monetary relief designated as lost wages. Defendant is responsible for all State and Federal employer withholding.

32. Defendant shall issue a 1099 form to Estella Byars for the amount of monetary relief designated as non-pecuniary compensatory damages.

33. Defendant shall make installment payments to Estella Byars over the next 15 months. In the first month, Defendant shall make a payment of $1,500.36 (less withholding taxes). Thereafter, Defendant shall make a monthly payment in the amount of $785.71 by the last calendar day of each month, for the next 14 months.

34. Within ten (10) business days of the entry of this Decree, Defendant shall issue payment of the first installment of the monetary relief to Estella Byars by mailing a cashier check, via certified mail, to Estella Byars at the address provided by the Commission. Concurrently, a copy of the cashier check and related correspondence will be submitted to the Commission, at the email address listed below.

35. It is acknowledged that the monetary relief set forth herein, constitutes a

debt owed to and collectible by the United States

36.     Late payment of checks shall be subject to the accrual of interest pursuant to 28 U.S.C. § 1961.

37.     In the event there is a default in any payment required under these terms, the entire unpaid principal sum shall immediately become due and payable forthwith and a consent judgment for the unpaid principal sum shall be entered by the Court.

38.     Within ten business days after the entry of this Decree by the Court, the EEOC will provide to Defendant a signed Release from Heather Holcomb and Estella Byars in the form of Exhibit B.

39.     Defendant shall supply a neutral reference in response to any inquires or reference checks regarding Heather Holcomb's and Estella Byars' employment.  The letter shall be in the form of Exhibit C.  This provision shall remain in force as long as Heather Holcomb or Estella Byars uses Defendant as a reference and is not limited to the duration of this Decree.  No mention of either charge of discrimination or this lawsuit shall be disclosed when an inquiry is made about Heather Holcomb's or Estella Byars' employment.

## VIII.   NOTICE POSTINGS

40.     Defendant will immediately post and cause to remain displayed the poster required by 42 USC §2000e-10(a) of Title VII in a conspicuous place where notices to employees are customarily posted.  Defendant will ensure that it is utilizing the most current poster.

41.     Within 10 days of entry of this Consent Decree by the Court, Defendant will post Exhibit A and keep it posted for three years, in a conspicuous place where

notices to employees are customarily posted.

42.     Defendant will also post and keep displayed for three years in a location where notices to employees are customarily posted, a copy of its policy and procedures for reporting discrimination in the workplace.

## IX.  MONITORING

43.     The Commission shall have the right to monitor and review compliance with this Decree.  Defendant shall cooperate with the Commission in any review function as it relates to this Decree.  Specifically, the Commission shall have the right to:

(a) attend training sessions required by this Decree;

(b) review any and all documents that this Decree requires Defendant to create or maintain;

(c) interview hourly employees related to the requirements of this Decree upon five days prior notice to Defendant;

(d) interview management in the presence of Defendant's counsel related to the requirements of this Decree upon five days prior notice to Defendant; and

(e) inspect Defendant's premises upon five days prior notice to Defendant.

## X.     REPORTING

44.     Defendant will submit three reports to the Commission after entry of this Consent Decree by the Court.  Defendant will maintain records of any complaints of sex discrimination (pregnancy) or retaliation and each report will identify:

(a)  the name of the employee or job applicant making the complaint;

(b)  the date of the complaint;

(c)  a detailed description of the allegation(s) made, or, if the complaint is

in written form, a copy thereto;

(d) the names of any witnesses;

(e) the names of HR personnel and management officials involved; and

(f) what actions, if any, Defendant took to resolve the complaint.

45. Defendant will submit three reports according to the following schedule:

(a) The first report shall be submitted twelve (12) months after entry of this Decree;

(b) The second report shall be submitted twenty four (24) months after entry of this Decree; and

(c) The third report shall be submitted thirty four (34) months after entry of this Decree.

## XI.  SUCCESSOR NOTIFICATION

46. Defendant shall provide notice and a copy of this Decree to any successors, assigns, subsidiaries, affiliates, any other corporation or other entity that acquires Defendant, and any other corporation or other entity into which Defendant may merge, or with which Defendant may consolidate. The successors, assigns, acquiring entities, and any surviving entities upon merger or consolidation shall be fully liable for complying with the terms of the Decree. Defendant shall provide notice to the Commission within 30 days of any assignment, succession, acquisition, merger, or consolidation affecting Defendant.

## XII.  ENFORCEMENT

47. If Defendant fails to comply with the terms of this Decree, in whole or in part, the Commission has a right to enforce the obligations under the Decree. The

Commission will provide ten days' notice to Defendant of any deficiency in complying with the terms of the Decree. If the parties are unable to reach agreement regarding resolution of any such deficiency in Defendant's compliance with the terms of the Decree, the Commission may petition the Court for relief and the Court may grant any appropriate relief.

### XIII.  COSTS

48.   Each party will bear its own costs, attorneys' fees, and expenses.

### XIV.  MISCELLANEOUS PROVISIONS

49.   This Decree shall not be construed as placing any limit on remedies available to the Court in the event that any individual is found to be in contempt for a violation of this Decree.

50.   If the Court finds any provision of this Decree unlawful, the Court will sever only such provision, and the remainder of the Decree will remain in full force and effect.

51.   When this Decree requires a certification by Defendant of any facts, such certification will be made under oath or penalty of perjury by an owner, officer or management employee of Defendant.

52.   When this Decree requires Defendant to submit reports, certifications, notices, or other materials to the Commission, submission will be e-mailed to: markeisha.savage@eeoc.gov, Subject:  Noodles Asian Bistro Title VII Settlement.

**SO ORDERED** this 23rd day of June, 2015.

 _s/   Samuel H. Mays, Jr._
**SAMUEL H. MAYS, JR.**
**UNITED STATES DISTRICT JUDGE**

Approved by the parties:

| FOR THE COMMISSION: | FOR DEFENDANT: |
|---|---|
| **P. DAVID LOPEZ**<br>General Counsel | s/ John M. Russell  (w/p MKS)<br>**JOHN M. RUSSELL** (TN Bar No.17546)<br>**LAUREN A. WONG** (TN Bar No 28118)<br>LAWRENCE & RUSSELL, PLC<br>5178 Wheelis Drive<br>Memphis, TN 38117 |
| **GWENDOLYN YOUNG REAMS**<br>Associate General Counsel | |
| s/Faye A. Williams   (w/p MKS)<br>**FAYE A. WILLIAMS**<br>Regional Attorney<br>TN Bar No. 011730 | **ATTORNEYS FOR DEFENDANT**<br>**NOODLES ASIAN BISTRO, INC**. |
| | s/Gen Q. Lam (w/p MKS)<br>**GEN Q. LAM**<br>Owner<br>Noodles Asian Bistro, Inc. |
| s/ Gerald L. Thornton (w/p MKS)<br>**GERALD L.THORNTON**<br>SupervisoryTrial Attorney<br>TN Bar No. 015898 | |
| s/Markeisha K. Savage<br>**MARKEISHA K. SAVAGE**<br>Trial Attorney<br>TN Bar No. 024693 | |
| **EQUAL EMPLOYMENT**<br>**OPPORTUNITY COMMISSION**<br>1407 Union Avenue, Suite 900<br>Memphis, TN 38104<br>(901) 544-0133 | |

EXHIBIT A

**<u>NOTICE TO ALL EMPLOYEES OF NOODLES ASIAN BISTRO, INC.</u>**

1. This Notice is posted to all employees pursuant to a Consent Decree entered into between Noodles Asian Bistro, Inc., (Defendant) and the Equal Employment Opportunity Commission (EEOC) as part of the settlement of a lawsuit, Civil Action No. 2:15-cv-02153, filed in the United States District Court of the Western District of Tennessee, Western Division.

2. Pursuant to the Consent Decree, Defendant must conduct training on the prevention of employment discrimination and retaliation in the workplace.

3. Discrimination is a violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq. Federal law requires an employer to maintain a workplace free from discrimination based on race, sex (gender), religion, color, national origin, age (40 or older), genetics or disability with respect to terms and conditions of employment.

4. Defendant will not tolerate or condone discrimination or retaliation against any employee or applicant for employment. Discrimination, which includes pregnancy discrimination, is a violation of company policy as well as federal law. Violation of these company policies by anyone employed by Defendant will result in disciplinary action up to and including termination.

5. You have the right to file a charge of discrimination with the EEOC if you believe you are being discriminated of retaliated against. The EEOC charges no fees and has employees and interpreters who speak languages other than English. If you believe you have been discriminated or retaliated against in violation of federal law, you have the right to seek assistance from:

    Equal Employment Opportunity Commission
    1407 Union Avenue, Suite 900
    Memphis, Tennessee 38104
    Telephone:   (901) 544-0119
    Website:     www.eeoc.gov
    TTY:         1-800-669-6820

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED OR REMOVED**

This Notice must remain posted for three years from the date signed below and must not be altered, defaced, removed, or covered by any other materials.

_____
Gen Q. Lam
Owner

EXHIBIT B

RELEASE

In consideration for the $12,500.00 to be paid to me by Noodles Asian Bistro, Inc., in connection with the resolution of EEOC v. Noodles Asian Bistro, Inc., Civil Action No. 2:15-cv-00153, I waive my right to recover for any claims of sex (pregnancy) discrimination arising under Title VII that I had against Noodles Asian Bistro, Inc., prior to the date of this release and that were included in the claims alleged in the EEOC's Complaint in EEOC v. Noodles Asian Bistro, Inc.


Signature: _____          Date:_____
        Heather Holcomb

EXHIBIT B

RELEASE

In consideration for the $12,500.00 to be paid to me by Noodles Asian Bistro, Inc., in connection with the resolution of EEOC v. Noodles Asian Bistro, Inc., Civil Action No. 2:15-cv-00153, I waive my right to recover for any claims of sex (pregnancy) discrimination arising under Title VII that I had against Noodles Asian Bistro, Inc., prior to the date of this release and that were included in the claims alleged in the EEOC's Complaint in EEOC v. Noodles Asian Bistro, Inc.

Signature: _____       Date:_____
        Estella Byars

EXHIBIT C

SAMPLE LETTER OF REFERENCE

To Whom It May Concern:

This letter is in response to your inquiry regarding the employment of [Insert Class Member name] while employed at Noodles Asian Bistro, Inc.  Company policy provides that only dates of employment and position held can be provided in response to any employment inquiry.

[Insert Class Member name] was employed at Noodles Asian Bistro, Inc. as a _____ from _____ to _____ (dates of employment).  I am confident that [Insert Class Member name] can provide you with additional details concerning her tenure with the company.  I hope this information is helpful and that it satisfactorily responds to your inquiry.

Sincerely,


Noodles Asian Bistro, Inc.